```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/12/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABRAHAM STIMMEL,

                Plaintiff,

-against-

EQUIFAX INFORMATION SERVICES, LLC, and
NEW YORK COMMUNITY BANK,

                Defendants.

1:23-cv-1610 (MKV)

ORDER

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff filed a motion for default judgment with respect to Defendant New York Community Bank. [ECF No. 10]. Obtaining a default judgment is ordinarily a two-step process. *See* Fed. R. Civ. P. 55. First, the plaintiff must have the Clerk of Court "enter the [opposing] party's default" pursuant to Rule 55(a). *See* Fed. R. Civ. P. 55(a). Then, the party may move for a default judgment from the Court pursuant to Rule 55(b). Fed. R. Civ. P. 55(b). "[T]he decision to grant a motion for a default judgment lies in the sound discretion of the trial court." *O'Callaghan v. Sifre*, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) (citing *Shah v. N.Y. Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999)).

      The Clerk did not enter a certificate of default in this case and a default judgment may, therefore, not issue. *See* Fed. R. Civ. P. 55; *see also* Individual Rules of Practice in Civil Cases Attachment A.1. Moreover, among other things, the motion is not accompanied by a proposed form of judgment or a proposed order to show cause. *See* Individual Rules of Practice Attachment A.

1

Accordingly, for the foregoing reasons, the motion is DENIED without prejudice. The Clerk of Court is further requested to terminate docket entry 10.

**SO ORDERED.**

**Dated: October 12, 2023**
      **New York, New York**

*Mary Kay Vyskocil*
**HON. MARY KAY VYSKOCIL**
**United States District Judge**