```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/4/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ABRAHAM STIMMEL,

                Plaintiff,

-against-

EQUIFAX INFORMATION SERVICES, LLC,
and NEW YORK COMMUNITY BANK,

                Defendants.

1:23-cv-1610 (MKV)

ORDER

MARY KAY VYSKOCIL, United States District Judge:

For the reasons set forth below, this case is remanded to New York state court *sua sponte*.

## BACKGROUND

On February 27, 2023, this action was timely removed from New York state court by Defendant Equifax Information Services, LLC ("Equifax") pursuant to 28 U.S.C. Section 1441(a). [*See* ECF No. 1.] In the Notice of Removal, Defendant Equifax stated, "Equifax's counsel has made good faith efforts to reach counsel for co-defendant's [sic] for consent; however, no record of service has been filed with the Court for Defendant New York Community Bank, and there is no counsel of record yet identified on the docket." [ECF No. 1.] However, Plaintiff filed proof of service of summons and complaint on Defendant New York Community Bank in the New York state court action, demonstrating that Defendant New York Community Bank had been properly served on January 12, 2023. [ECF No. 10-2.]

Plaintiff and Defendant Equifax have since stipulated and agreed that "all matters [] between them have been compromised and settled, and that Plaintiff's cause, against Defendant [Equifax] be dismissed, with prejudice." [ECF No. 26.] Accordingly, the federal action against Defendant Equifax has since been terminated, and Defendant New York Community Bank is the

only remaining defendant. [ECF No. 26.] To date, however, Defendant New York Community Bank has not responded or otherwise appeared in this action.

## DISCUSSION

Section 1441(a) of Title 28 of the United States Code provides that "any civil action brought in state court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court." 28 U.S.C. § 1441(a). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir.1994).

Under 28 U.S.C. Section 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served **must join in or consent to** the removal of the action." 28 U.S.C. § 1446(b)(2)(A). That is, defendants must be unanimous in deciding to remove. *See Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012) ("District courts within this Circuit . . . have consistently interpreted the [removal] statute as requiring that all defendants consent to removal within the statutory thirty-day period, a requirement known as the 'rule of unanimity.' ") (quotation omitted). Moreover, defendants "must independently express their consent to removal." *Id*. The consent requirement is satisfied by letter, "submitted . . . to the court within the thirty-day removal period." *Id*.

Here, Defendant Equifax removed the New York state court action on February 27, 2023 pursuant to Section 1441(a). [*See* ECF No. 1.] Plaintiff has filed proof of service on Defendant New York Community Bank in the New York state court action, demonstrating that Defendant New York Community Bank had previously been served on January 12, 2023. Therefore, at the time Defendant Equifax removed the action to federal court, Defendant New York Community Bank was a "defendant[] who ha[d] been properly joined and served" and was required to "join in

or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). No such consent from Defendant New York Community Bank was filed in the Notice of Removal. Instead, Defendant Equifax conceded in the Notice that it had not been able to receive the consent of Defendant New York Community Bank. [*See* ECF No. 1.] To that end, Defendants have failed to "independently express their consent to removal." *Pietrangelo*, 686 F.3d at 66.

As such, for the foregoing reasons, this case must be remanded. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006) (the Second Circuit has "interpreted section 1447(c) to authorize a remand for either a procedural defect asserted within 30 days of the filing of notice of removal or a lack of subject matter jurisdiction").

Accordingly, IT IS HEREBY ORDERED that this action is remanded to the Supreme Court of the State of New York, County of Rockland. The Clerk of Court is respectfully requested to adjourn all existing deadlines and conferences *sine die*, and to close this case.

**SO ORDERED.**

**Date:  December 4, 2023**
**New York, NY**

*/s/ Mary Kay Vyskocil*
**MARY KAY VYSKOCIL**
**United States District Judge**